No. 265
GALLAGHER v. McINTYRE
Ohio Court of Appeals, Cuyahoga County
No. 4189. Feb. 2 1923.

APPEALS—(1) Decree affirmed—Findings of court below adopted.

PER CURIAM:

Epitomized Opinion
Appeal from the Court of Common Pleas

The cause comes into the Court of Appeals from the common pleas court, where judgment was dendered for Gallagher.

1. The court believes that the court below was right in rendering judgment as it did, and adopts as its own findings the statement of the findings of the court below.

Attorneys—Kassulker & Kassulker, for Gallagher; Palda & Krieg, for McIntyre.

---

No. 266
WILD v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4572. Feb. 19, 1923

CRIMINAL LAW—(1) Conviction on uncorroborated testimony of admitted perjurer held to be against weight of credible testimony.

PER CURIAM:

Error to Cuyahoga Court of Common Pleas
Epitomized Opinion

Wild, a Cleveland city policeman, was convicted in the lower court of receiving stolen property, the only testimony offered by the state being that of one Fraser, who was convicted of receiving the same property. In a hearing before the Director of Public Safety of Cleveland, Fraser testified that Wild had nothing to do with the matter, that testimony being taken in shorthand by a competent court reporter. In the trial in common pleas court Fraser contradicted his former testimony and denied having made the statements attributed to him and contained in the court reporter's notes. The Court of Appeals being of the opinion that Fraser committed perjury on one of the occasions mentioned, held:

1. A conviction on the uncorroborated testimony of an admitted perjurer is manifestly against the weight of the credible testimony, there being no corroborative circumstances, and such conviction is reversed.

Attorneys—S. Doerfler, for Wild; E. C. Stanton, for State.

---

No. 267
PAGE v. MAY
Ohio Court of Appeals, Cuyahoga County
No. 4233. Feb. 26, 1923

ERROR—(1) Question of weight of evidence properly left to jury.

PER CURIAM:

Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

The common pleas court found a judgment in favor of May against Page and the latter seeks to have the judgment reversed on the ground that several errors were committed. Held by the Court of Appeals in affirming judgment:

1. The errors argued amount really to the claim that the verdict is contrary to the weight of the evidence. That question was properly left to the jury. There was sufficient evidence in the record to warrant the answers returned by the jury to certain interrogations submitted to them.

Attorneys—E. J. Hobday, for Page; Mathews, Bell & Winsper, for May.

---

No. 268
POLGAR v. PAZICZKI
Ohio Court of Appeals, Cuyahoga County
No. 4071. March 5, 1923

PREJUDICIAL ERROR—(1) Right of reviewing court to set aside verdict where it is not manifestly against the weight of evidence.

SULLIVAN, J.:

Epitomized Opinion
Error to Cuyahoga Common Pleas

This was an action in the common pleas to recover from the defendants Andrew and Borah, his wife, Polgar $3,782.46. During three years plaintiff had turned his entire salary over to defendants for safe keeping, which he claims had not thereafter been disbursed to him. A default judgment was set aside and each defendant filed a separate answer. The case was then tried to a jury and a verdict for $2,000 was returned for plaintiff. The defendants prosecuted error. It was contended especially by Andrew Polgar that there was no evidence showing that he had received any of the money. The record showed, however, that Paziczki had sometimes given the money to Andrew Polgar and sometimes to his wife. A witness, Boudnar, also testified that Andrew Polgar had admitted to him that the former had received money from Paziczki every two weeks. In view of this testimony the judgment of the lower court was affirmed, the Appellate Court holding:

1. As the record showed that the plaintiff was trusting the defendants jointly with the safety of his wages, and that there was credible evidence that each rad full knowledge of the transactions and were jointly concerned in acting for and in behalf of plaintiff, a reviewing court cannot say that the verdict was manifestly against the weight of evidence.

Attorneys—Locher, Green & Woods, for Polgar; Steuer, for Paziczki.

---

No. 269
MUSCARELLA v. THEURER
Ohio Court of Appeals, Cuyahoga County
No. 4429. March 12, 1923

COVENANTS—(1) Action for breach of covenant of seizure where possession is undisturbed.

PER CURIAM:

Epitomized Opinion

Muscarella brought an action in the common pleas to recover damages for breach of a covenant of seizure contained in a deed from defendant to her. The petition did not allege that she had been disturbed in her possession or ousted from the premises. As there was a flaw in the title, the defendant brought an action to quiet title in his own name. The court found that the defects were outlawed. All the expenses of this litigation were paid by defendant, and plaintiff suffered no damages whatever by reason of any defect in title. A demurrer was filed to the petition, and sustained. Thereupon the plaintiff prosecuted error. In affirming the judgment of the common pleas it was held:

1. In order to state a cause of action for breach of a covenant of seizure, it is necessary to allege that the plaintiff has been disturbed in her possession, or that she has been ousted therefrom, and a failure to make such allegations renders the petition insufficient.

Attorneys—Morgan, for Muscarella; Landfear, Baskin & Fleharty, for Theurer.