**The STATE of Ohio, Appellee,**

**v.**

**RISNER, Appellant.**

[Cite as *State v. Risner* (1991), 73 Ohio App.3d 19.]

Court of Appeals of Ohio,
Putnam County.

No. 12–90–6.

Decided April 10, 1991.

*Maria Santo,* for appellant.

*Daniel R. Gerschutz,* Prosecuting Attorney, and *Bruce B. Bohrer,* for appellee.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from the judgment and sentence imposed by the Common Pleas Court of Putnam County upon a jury verdict, finding appellant, Tommy Ray Risner, guilty of aggravated arson.

On March 16, 1990, a house owned by appellant's mother was destroyed by fire. Investigation by the assistant fire marshal disclosed evidence that the loss resulted from arson.

Appellant was indicted on one count of aggravated arson, in violation of R.C. 2909.02(A)(2). Appellant entered a plea of not guilty and filed his notice of alibi. Trial held on August 6 and 7, 1990, resulted in the jury's verdict of guilty, judgment and sentence from which this appeal is taken.

The assignment of error is:

"I. It was plain error for the trial court to allow testimony of the existence of a conspiracy and to instruct the jury on conspiracy when it was not an element of the crime for which the defendant-appellant was indicted and therefore was not an issue for the jury to decide."

Appellant argues that the trial court erred by receiving in evidence the testimony of appellant's half-brother, fifteen-year-old Harold Wayne McKnight, reporting a conversation held in his presence by appellant and their mother, during the course of which appellant's mother offered to pay appellant $1,000 of the insurance proceeds if he would burn the house.

Here on appeal, appellant concedes that the trial court correctly overruled the objection of trial counsel interposed on grounds of hearsay. Rather, appellant argues, the testimony should have been excluded by the court on the grounds of irrelevance notwithstanding the failure of trial counsel to advise the court of that reason for objection. The omission of the trial court to recognize the ground and exclude the testimony, argues appellant, was plain error.

Appellant was charged with aggravated arson, a violation of R.C. 2909.-02(A)(2), which is:

"No person, by means of fire or explosion, shall knowingly:
" * * *

"(2) Cause physical harm to any occupied structure[.]"

The testimony of McKnight, argues appellant, is not probative of any element of R.C. 2909.02(A)(2), but, rather, is evidence of a conspiracy to

commit arson, a crime with which appellant was not charged; hence, the evidence is clearly irrelevant and should have been excluded.

The foregoing reasoning also underlies appellant's assertion of the court's plain error by instructing the jury about conspiracy in the absence of a charge of conspiracy laid against appellant in the indictment.

Here, the prosecution presented and argued its case upon a theory of complicity pursuant to R.C. 2923.03, which provides in part the following:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

" * * *

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

" * * *

"(F) whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

Among the several circumstances proscribed by R.C. 2923.03(A) in which a person may be an accomplice to an offense and be prosecuted and convicted as a principal offender, is that in which the person conspires with another to commit the offense in violation of R.C. 2923.01.

R.C. 2923.01 provides in pertinent part:

"(A) No person, with purpose to commit or to promote or facilitate the commission of * * * aggravated arson, arson, * * * shall do either of the following:

"(1) With another person or persons, plan or aid in planning the commission of any such offense;

"(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any such offense.

"(B) No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by him or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of such character as to manifest a purpose on the part of the actor that the object of the conspiracy should be completed.

" * * *

"(G) When a person is convicted of committing or attempting to commit a specific offense or of complicity in the commission of or attempt to commit the

specific offense, he shall not be convicted of conspiracy involving the same offense."

■ The offense of complicity may be charged either under R.C. 2923.03, the statute prohibiting complicity, or in terms of the principal offense. *State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792; *State v. Dotson* (1987), 35 Ohio App.3d 135, 520 N.E.2d 240.

■ Thus, in circumstances described by R.C. 2923.03(A)(3) and 2923.01, the charge may be stated, pursuant to R.C. 2923.03(F), in terms of the principal offense.

Appellant was indicted for violation of R.C. 2909.02(A)(2), the principal offense of aggravated arson, based on evidence of his complicity in the felonious burning of his mother's residence.

To prove its case, the state offered evidence, unrebutted, that destruction of the residence in question was procured by arson.

■ The elements of appellant's complicity by conspiracy, undertaken by the state to be proven to have been done knowingly, were a plan or agreement by appellant with another person or persons to commit aggravated arson or arson, coupled with appellant's overt act showing his intention that the object of the plan or agreement be accomplished.

■ To carry its burden of proof, the state offered the testimony of McKnight, reporting the conversation of appellant with their mother, referred to earlier, together with appellant's admissions during that conversation and in other conversations with McKnight. Among these admissions is that related to McKnight by appellant regarding appellant's consultation with Ralph Jones about the best way to set the fire. Another is that overheard by McKnight before the fire in which appellant told his mother to leave the gasoline in the garage and the candles on the water heater. McKnight testified that after the fire, appellant bragged that he "did a good job." McKnight further testified about appellant's participation in providing a truck some days before the fire to remove household goods and furnishings from his mother's house to be stored. We believe the relevance of such testimony is obvious, as is the statement of appellant's mother by which she solicited appellant to burn her house. See *State v. Martin* (1983), 9 Ohio App.3d 150, 9 OBR 215, 458 N.E.2d 898.

"Relevant evidence" is defined as that having a tendency to make the existence of any act that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401.

██ Thus, an offer of payment by a declarant who hopes to profit by the act being planned, in addition to its character as a part of the plan, is relevant to connect appellant to the plan and to the offense by the motive relationship fairly to be inferred.

Based on the foregoing, we believe the relevancy of the challenged statements to show appellant's participation in the planning of and furtherance of a conspiracy to commit aggravated arson or arson may not be gainsaid.

Crim.R. 52(B) governs plain error and provides:

"Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

We hold that the trial court did not err in the admission of testimony as challenged by appellant here on appeal.

██ Nonetheless, appellant's assignment of error, insofar as the trial court's instructions to the jury are challenged as plain error, is also without merit, for as analysis has shown, conspiracy is an element of the offense for which appellant was indicted and tried, requiring instruction of the jury. Review of the instruction given discloses that it is a correct statement of law, from the giving of which appellant has suffered no prejudice.

Accordingly, appellant's assignment of error is overruled in all respects.

The judgment of the Common Pleas Court of Putnam County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.