OPINION
This timely appeal arises from Appellant's conviction in the Columbiana County Court of Common Pleas on one count of conspiracy to commit arson. Appellant argues that his conviction is against the manifest weight of the evidence. For the following reasons, the judgment of the trial court is affirmed.
On November 8, 1998, a barn owned by Mildred Danch located in Petersburg, Ohio, was destroyed by fire. Fire investigators determined that arson was responsible for the fire. Ms. Danch had hired Appellant's father to paint the barn in October, 1998, and Appellant was part of the work crew that did the painting. Appellant soon became a suspect in the arson investigation.
On February 23, 1999, Appellant was indicted in the Columbiana County Court of Common Pleas on one count of arson in violation of R.C. §2909.03(A)(1), a fourth degree felony. A bench trial was held on November 17, 1999.
Appellant testified at trial that on November 8, 1999, he and his girlfriend Hillary Musser were watching television and listening to music at the home of James DeSalvo ("DeSalvo"), a friend of theirs. (Tr. p. 74). The three of them got into a rental car being used by DeSalvo and drove to a nearby fast-food restaurant. After that they drove to Heck Road where Ms. Danch's barn was located. (Tr. p. 74).
DeSalvo testified that he and Appellant discussed getting even with a lady Appellant used to work for who lived on Heck Road. (Tr. pp. 39-40). He stated that he and Appellant got a gas can from DeSalvo's shed, put it in the car and drove out to Heck Road. (Tr. p. 40). DeSalvo was driving. (Tr. p. 41). He stated that they discussed burning a sign near Ms. Danch's house, but concluded that it was too close to the house. (Tr. pp. 41, 50). DeSalvo then recommended burning the barn, but Appellant refused to burn the barn. (Tr. p. 42). DeSalvo then got out of the car, poured gasoline on the barn and used a crumpled newspaper to set it on fire. (Tr. p. 42). DeSalvo testified that Appellant got out of the car and watched him burn the barn. DeSalvo also testified that Appellant verbally discouraged him from burning the barn but did nothing else to prevent it. (Tr. p. 50).
DeSalvo then testified that the three of them drove to the Dairy Mart in East Palestine and drove back to Heck Road to see if the fire was still burning. (Tr. p. 44). It appeared that the barn was not burning and they left. (Tr. p. 44).
Appellant was convicted in a bench trial on November 17, 1999, on one count of conspiracy to commit arson. He was sentenced on February 18, 2000, to eight months incarceration, all suspended, and a $250.00 fine.
Appellant's sole assignment of error states:
 "THE TRIAL COURT PREJUDICIALLY ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THE APPELLANT GUILTY OF CONSPIRACY TO COMMIT ARSON BECAUSE THE COURT'S FINDINGS AND JUDGMENT ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE, ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND ARE CONTRARY TO LAW."
Appellant argues that there was insufficient evidence to support his conviction, or alternatively, that it was against the manifest weight of the evidence.
Appellant contends that an essential element of the crime of conspiracy to commit arson is that the defendant had knowledge that one of the conspirators planned to commit arson. Appellant bases this contention on R.C. § 2909.03, the arson statute, which includes "knowledge" as the mens rea requirement of the crime. Appellant argues that the evidence presented at trial does not support a finding that Appellant knew that James DeSalvo would burn down the barn. Appellant also argues that his conviction is based on the uncorroborated testimony of a co-conspirator and on that basis alone should be reversed. In light of the record here, Appellant's arguments are not persuasive.
The relevant inquiry on review of the sufficiency of the evidence in a criminal case is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
On reviewing a conviction to determine if it is against the manifest weight of the evidence, a reviewing court is required to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
R.C. § 2923.01(A) states, in pertinent part:
 "(A) No person, with purpose to commit or to promote or facilitate the commission of * * * arson * * * shall do either of the following:
 "(1) With another person or persons, plan or aid in planning the commission of any of the specified offenses;
 "(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any of the specified offenses." (Emphasis added).
The mens rea required for conspiracy is purpose, which is defined in R.C. § 2901.22 as:
 "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
Criminal intention can be inferred from the surrounding circumstances, because it is rarely provable by direct evidence. State v. Williams
(1997), 123 Ohio App.3d 178, 181.
The record reveals that Appellant and DeSalvo discussed burning down a sign on Ms. Danch's property; they agreed that Appellant would burn the sign; Appellant showed DeSalvo how to get to Ms. Danch's house; Appellant told DeSalvo that he would like to get even with Ms. Danch; Appellant was with DeSalvo when they put a can full of gasoline into DeSalvo's car; DeSalvo decided to burn the barn rather than the sign; and that DeSalvo did actually pour gasoline on the barn and ignite it causing the barn to burn. Although Appellant presented some contradictory testimony (and DeSalvo himself was not completely consistent in his testimony), these inconsistences go to the weight and credibility of the testimony, which are primarily left to the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of syllabus. The trier of fact was free to believe some, all, or none of the testimony of each of the witnesses. Domigan v. Gillette (1984), 17 Ohio App.3d 228, 229.
In general, a conviction for conspiracy to commit arson must be based on proof of an agreement by two or more parties to commit arson, coupled with a substantial overt act by one of the co-conspirators showing their intent that the agreement be carried out. State v. Risner (1991),73 Ohio App.3d 19, 23. Appellant assumes that the uncontroverted evidence that he did not want to burn the barn somehow defeats the charge of conspiracy. Even assuming that Appellant's view of the facts is correct, the record contains evidence of an agreement to burn the sign next to Ms. Danch's house and evidence of a series of steps taken by Appellant and DeSalvo to accomplish that end, namely, getting a can of gas, getting directions to Ms. Danch's home, driving to her home, and deliberating in the car about which structure to burn.
Appellant also argues that he presented an affirmative defense which defeated the charge of conspiracy. Appellant contends that abandonment of a conspiracy is a complete defense to the charge, citing R.C. §2923.01(I), which states:
 "(I) The following are affirmative defenses to a charge of conspiracy:
 "(1) After conspiring to commit an offense, the actor thwarted the success of the conspiracy under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose.
 "(2) After conspiring to commit an offense, the actor abandoned the conspiracy prior to the commission of or attempt to commit any offense that was the object of the conspiracy, either by advising all other conspirators of the actor's abandonment, or by informing any law enforcement authority of the existence of the conspiracy and of the actor's participation in the conspiracy."
Appellant asserts that there is uncontradicted testimony that he told DeSalvo not to burn the barn once DeSalvo exited the car at Ms. Danch's property.
Appellant is correct that abandonment of a conspiracy is an affirmative defense to a charge of conspiracy. R.C. § 2923.01(I). "The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." R.C. § 2901.05(A).
The evidence is not sufficient to show that Appellant either thwarted the conspiracy, advised the other conspirators of his abandonment, or advised law enforcement authorities of the conspiracy. Appellant's and DeSalvo's statements both concur that Appellant did not want to burn the barn. This is not proof of abandonment, but only tends to show that Appellant and DeSalvo disagreed as to the ultimate object to be burned.
Even if Appellant had met his burden of producing evidence to support an abandonment of conspiracy defense, the trier of fact was free to believe or disbelieve this evidence. As previously stated, matters relating to the weight and credibility of the evidence are left primarily to the trier of fact to determine. DeHass, supra, at 231.
Appellant argues that the uncorroborated testimony of an admitted perjurer cannot be the sole evidentiary basis to support a conviction, citing Wild v. State (App. 1923), 1 Ohio Law Abs. 300, in support. Appellant points to nothing in the record tending to show that DeSalvo had perjured himself. Furthermore, the record indicates that DeSalvo had not received a more lenient sentence in his own criminal trial in exchange for his testimony against Appellant. (Tr. p. 39). Appellant also overlooks that his own testimony and the testimony of Hillary Musser corroborated much of DeSalvo's testimony.
There was substantial evidence presented at trial that Appellant and DeSalvo entered into a conspiracy to burn property owned by Mildred Danch in Petersburg, Ohio; that they obtained a gas can filled with gasoline; that Appellant provided directions to Ms. Danch's house; that they drove to the victim's house; that Appellant held ill will toward the victim; and that DeSalvo did in fact burn down a barn on Ms. Danch's property. Whether Appellant had the criminal purpose to commit arson, and whether he withdrew from the conspiracy, were matters of the weight and credibility of evidence for the trier of fact to determine. The record contains considerable evidence to support the essential elements of the crime of conspiracy beyond a reasonable doubt, and we do not find any grave miscarriage of justice in Appellant's conviction. The conviction and sentence are hereby affirmed in full.
DONOFRIO, J. and DeGENARO, J., concurs.