[Cite as *State v. Grady*, 2019-Ohio-1942.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  16-18-11

      v.

RONDALL WALLACE GRADY,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 18-CR-0009

**Judgment Affirmed**

**Date of Decision:   May 20, 2019**

APPEARANCES:

    *Emily P. Beckley* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Rondall W. Grady ("Grady"), appeals the judgment entry of the Wyandot County Court of Common Pleas, General Division, finding him guilty of one count of aggravated possession of drugs as set forth in Count One of the indictment, in violation of R.C. 2925.11(A), a felony of the fifth degree. On appeal, Grady asserts one assignment of error arguing that the sentence of imprisonment by the trial court is contrary to law. We disagree.

{¶2} Grady was indicted by the Wyandot County Grand Jury on January 10, 2018. (Doc. No. 1). The indictment contained three counts: Count One, aggravated possession of drugs, a violation of R.C. 2925.11(A), a felony of the fifth degree; Count Two, trafficking in drugs, a violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with criminal forfeiture specification, pursuant to R.C. 2981.02(A)(3); and, for Count Three, receiving proceeds of an offense subject to forfeiture proceedings, in violation of R.C. 2927.21(B), a felony of the fifth degree, with a specification of criminal forfeiture, pursuant to R.C. 2981.02(A)(3). (*Id.*).

{¶3} On July 27, 2018, Grady pled guilty to Count One of the indictment pursuant to a negotiated plea and Counts Two and Three were dismissed by the State. (July 27, 2018 Tr. 1-14); (Doc. Nos. 57, 59). In Grady's negotiated plea, the State agreed to a joint sentencing recommendation of community control sanctions. (*Id.* at 11, 13); (*Id.*). The trial court accepted Grady's plea, ordered the preparation

of a presence investigation report ("PSI"), and scheduled the matter for a sentencing hearing. (*Id.* at 17); (Doc. No. 59). Important to the issues presented and prior to sentencing, counsel of record reviewed the PSI and had no objection to its introduction into evidence. (October 16, 2018 Tr. 5). On October 16, 2018, the trial court declined to adopt and approve the joint sentencing recommendation and sentenced Grady to eleven months in prison. (October 16, 2018 Tr. 10, 11); (Doc. No. 61). Grady timely appealed and asserts that the trial court sentence is contrary to law. (Doc. No. 65). For the reasons that follow, we affirm the decision of the trial court.

## Assignment of Error No. I

**The sentence of a term of imprisonment by the trial court is contrary to law.**

### *Standard of Review*

{¶4} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to

be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶5}** A "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Shreves*, 3d Dist. Auglaize No. 2-16-11, 2016-Ohio-7824, ¶ 14, quoting *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark Nos. 2012-CA-25 and 2012-CA-26, 2013-Ohio-2021, ¶ 45. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 12, quoting *Maggette* at ¶ 32.

*Analysis*

**{¶6}** Appellant argues that the trial court erred by sentencing Grady to prison for aggravated possession of drugs, a fifth-degree felony, which was not an offense of violence or a qualifying assault offense and where none of the factors listed in R.C. 2929.13(B)(1)(b)(i)-(xi) were applicable. (*See* Appellant's Brief at 7-8). Appellant contends that the information provided to the trial court in the PSI was not "verified," thereby, making the trial court's sentence contrary to law. We disagree.

{¶7} The record supports that the trial court determined that Grady was not amenable to community control based in part upon Grady's prior convictions for misdemeanors committed in Ohio and in West Virginia as well as for Grady's felony convictions in North Carolina as reflected in the PSI admitted into evidence without objection. (October 16, 2018 Tr. 5, 10). Nevertheless, we address this so-called verification requirement (the perceived inaccuracies in the PSI) and the record as it relates to the trial court's consideration of the factors articulated in R.C. 2929.13 and whether the sentencing of the trial court was contrary to law.

*(Verification Requirement)*

{¶8} The trial court's PSI reveals that Grady admitted to the PSI writer to having two felony convictions in New Hanover, North Carolina. (PSI at 10); (October 16, 2018 Tr. 10). Further in the PSI, Grady reported that he successfully completed a four-month "drug class" while in prison in North Carolina. (*Id*. at 15); (*Id*.). However, Appellant argues that the preparer of the PSI had a statutory duty to verify Grady's self-reported felonies in another state. We find that no such statutory duty exists. R.C. 2951.03 states, in its pertinent part:

> (A)(1) Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court. The court may order a presentence investigation report notwithstanding an agreement to waive the report. If a court orders the preparation of a presentence investigation report

pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the officer making the report *shall inquire* into the circumstances of the offense and *the criminal record*, social history, and present condition of the defendant, all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and any other matters specified in Criminal Rule 32.2. * * *.

(Emphasis added.) R.C. 2951.03(A)(1). The plain meaning of R.C. 2951.03 requires only an inquiry into a defendant's criminal record without specifying the process of how that information is to be realized and from what source. Here, Grady was the provider of the information given to the PSI writer as to his felony convictions and prison sentence in North Carolina. We decline to create a criminal record "independent verification" requirement in R.C. 2951.03 when the language in that statute is clear and unambiguous. Thus, based upon the plain language of the foregoing statute, we conclude that the trial court committed no error of law in considering Grady's North Carolina felony convictions (and related prison information) from North Carolina as set forth in the PSI.

*(Accuracy of the Presentence Investigation Report)*

{¶9} Despite the lack of independent verification of Grady's criminal history, Appellant never objected to the use of Grady's criminal history at the sentencing hearing. Even if PSI inaccuracies exist, the appellant failed to follow the procedural safeguards set forth in R.C. 2951.03 to remedy such inaccuracies. Specifically, R.C. 2951.03 provides, in its pertinent part:

(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, *the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report*, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

(a)   Any recommendation as to sentence;

(b)   Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c)   Any sources of information obtained upon a promise of confidentiality;

(d)   Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2)   *Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.*

(3)   If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.

(4) Any material that is disclosed to the defendant or the defendant's counsel pursuant to this section shall be disclosed to the prosecutor who is handling the prosecution of the case against the defendant.

(5) *If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence*

> *investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy*:
>
> (a)   *Make a finding as to the allegation*;
>
> (b)   *Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.*
>
> (C) A court's decision as to the content of a summary under division (B)(3) of this section or as to the withholding of information under division (B)(1)(a), (b), (c), or (d) of this section shall be considered to be within the discretion of the court. No appeal can be taken from either of those decisions, and neither of those decisions shall be the basis for a reversal of the sentence imposed.

(Emphasis added.) R.C. 2951.03(B)(1)-(5).  The record supports that Grady had access to the PSI prior to sentencing and no factual inaccuracies were reported to the trial court.  (October 16, 2018 Tr. 1-15).  Interestingly, Grady's counsel of record, at the sentencing hearing referred to Grady's "stint in prison" and drug abuse treatment while in prison to argue that Grady would be amenable to community control sanctions.  (*Id.* at 5, 6).  Moreover, the State addressed Grady's prior felony convictions arguing that, despite his prior criminal history, the facts of the case, and his residency in multiple states outside Ohio, that the joint sentencing recommendation of community control was appropriate.  (*Id*. at 8).  Nevertheless, after considering the PSI, the arguments of the parties, and the purposes and principles of sentencing, the trial court rejected the joint sentencing recommendation and sentenced Grady to prison.  (*Id*. at 10, 11).  Thus, we conclude

that the appellant has failed to demonstrate that the sentence of the trial court is clearly and convincingly contrary to law.

**{¶10}** Further, since Appellant never objected to these alleged inaccuracies in the PSI, we must determine if plain error exists under the facts presented.

**{¶11}** We recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 94, citing *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Plain error review in criminal cases is governed by Crim.R. 52(B). *Id*., citing *State v. Risner*, 73 Ohio App.3d 19, 24, 595 N.E.2d 1040 (3d Dist. 1991). For plain error to apply, "the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right." *Id*., citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Under the plain error standard, "the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors." *Id*., citing *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996), citing *State v. Moreland*, 50 Ohio St.3d 58, 552 N.E.2d 894 (1990).

**{¶12}** Appellant asserts that the trial court erred in sentencing Grady based upon a mistake of fact. Appellant failed to object to the information contained in

the PSI at the sentencing hearing, which consequently, prevented the trial court from making any finding or determination regarding the alleged inaccuracy. Everyone in the courtroom on October 16, 2018 was operating under the belief, based upon information received through Grady, that Grady had two prior felony convictions in North Carolina. (October 16, 2018 Tr. 5, 6, 8, 10, 15). Importantly, there is nothing in the record to suggest otherwise. Thus, we cannot conclude that the trial court deviated from some legal rule, with an obvious defect in the proceeding, that affected Grady's substantial rights. Accordingly, we find no plain error exists which has caused a manifest miscarriage of justice in the case subjudice.

*(Sentencing Factors)*

{¶13} Finally, Appellant argues that a sentencing presumption against prison exists herein and that such presumption cannot be rebutted absent verification (of his felony conviction), and thus, the prison term is contrary to law. Once again, as we addressed previously, a "verification requirement" does not exist in R.C. 2951.03, and a trial court must be guided by the sentencing factors set forth in R.C. 2929.13. Pertinent to Appellant's argument, we find that R.C. 2929.13(B)(1)(b)(x) is dispositive here. Such section provides:

(B)(1)

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth

degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

\* \* \*

(x) The offender at the time of the offense was serving, or *the offender previously had served, a prison term.*

(Emphasis added.) R.C. 2929.13(B)(1)(b)(x). Here, the record is clear that the defendant reported that he had two prior felony convictions in North Carolina, and that he served a prison term (in North Carolina) where he completed a four-month "drug class".[1] (PSI at 10, 15). Thus, the trial court was within its discretion to impose its prison term under the facts presented, pursuant to R.C. 2929.13(B)(1)(b)(x).

## Conclusion

{¶14} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we overrule Appellant's only assignment of error and affirm the Judgment of the Wyandot County Common Pleas Court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[1] The State also referred to such convictions (and prison terms) on the record at the sentencing hearing. (*Id*. at 5-6, 8).